# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BENNIE RICHARDSON, | DOCKET NUMBER |
| Appellant, | PH-0845-20-0281-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: March 15, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Bennie R. Richardson</u>, Moon Township, Pennsylvania, pro se.

<u>Alison Pastor</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM) February 21, 2020 final decision. On petition for review, the appellant reiterates arguments he made below, and he asserts that the administrative judge erred in denying his requested

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

witnesses.[2]  Petition for Review (PFR) File, Tab 1.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for

---

[2] Regarding the appellant's argument that the administrative judge erred in denying his witness requests, neither party attended the prehearing conference during which witnesses would have been discussed.  Initial Appeal File, Tab 58 at 1.  In a subsequent order and summary of the prehearing conference, the administrative judge explained that the only approved witness to testify at the hearing was the appellant, and he provided the parties with an opportunity to object to the "completeness and accuracy" of the order.  *Id*. at 2.  The appellant filed no such objection.  Further, at the hearing, the administrative judge reiterated his rulings from the order and summary of the prehearing conference, and the appellant did not object to being the only witness to testify. Hearing Recording (statements of the administrative judge and testimony of the appellant).  Therefore, at no time does it appear that the appellant objected to the administrative judge's rulings on witnesses.  The Board has stated that a failure to object to a witness ruling or to call for rebuttal witnesses precludes an appellant from challenging witness rulings on a petition for review.  *See Alaniz v. U.S. Postal Service*, 100 M.S.P.R. 105, ¶ 9 (2005); *see also Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988) (stating that an appellant's failure to timely object to the administrative judge's rulings on witnesses precludes her from doing so on petition for review). Accordingly, we find that the appellant is precluded from raising this issue on review.

review.[3]   Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[4]   5 C.F.R. § 1201.113(b).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.   5 U.S.C. § 7703(a)(1).   By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.   5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[3] On May 23, 2023, and following the close of record on review, the appellant filed a motion to dismiss his appeal without prejudice, pursuant to 5 C.F.R. § 1201.29(a). PFR File, Tab 15 at 3.  The agency did not respond to the appellant's motion.  Because the appellant has not provided any argument supporting his motion, *id.*, the motion to dismiss the appeal without prejudice is denied.   *See* 5 C.F.R. § 1201.29(b).   The appellant filed another motion on July 9, 2023, requesting leave to file new evidence. PFR File, Tab 16.   Once the record closes on review, no additional evidence or argument will be accepted unless it is new and material as defined in 5 C.F.R. § 1201.115(d) and the party submitting it shows that the evidence or argument was not readily available before the record closed.   *See* 5 C.F.R. § 1201.114(k).   Here, the record on review closed on or around August 6, 2021.   The appellant asserts in his motion that he wishes to submit a May 2, 2023 letter from the Office of Workers' Compensation Programs (OWCP) stating that the Social Security Administration (SSA) erred in concluding that his OWCP benefits resulted in an overpayment of his Social Security Disability Insurance (SSDI) benefits.  PFR File, Tab 16 at 4-5.  It is apparent from the date of the letter that it was not available at the time the record closed on review.  However, taking the appellant's categorization of the letter as true, the alleged error concerns the appellant's OWCP benefits and whether those benefits resulted in an overpayment by SSA, not by OPM.  Any error evidenced by the May 2, 2023 letter is for SSA to address, and SSA is not a party in this matter.   Thus, the letter is not material to the instant appeal.  Accordingly, we deny the appellant's motion to submit new evidence.

[4] OPM has advised the Board that it may seek recovery of any debt remaining upon an appellant's death from the appellant's estate or other responsible party.   A party responsible for any debt remaining upon the appellant's death may include an heir (spouse, child or other) who is deriving a benefit from the appellant's Federal benefits, an heir or other person acting as the representative of the estate if, for example, the representative fails to pay the United States before paying the claims of other creditors in accordance with 31 U.S.C. § 3713(b), or transferees or distributers of the appellant's estate. *Pierotti v. Office of Personnel Management*, 124 M.S.P.R. 103, ¶ 13 (2016).

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:              *Gina K. Grippando*

                           _____
                           Gina K. Grippando
                           Clerk of the Board

Washington, D.C.